IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 11533 EFH

| | |
|---|---|
| SETANTA SPORT LTD., a California corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO.: _____ ) |
| ANGORA, 1024 Commonwealth Avenue Boston, Massachusetts 02215 | ) ) ) ) |
| Defendant. | ) ) ) |

MAGISTRATE JUDGE Cohen

RECEIPT # 57104
AMOUNT $ 50
SUMMONS ISSUED yes
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. _F·O·M_
DATE 7/9/04

**COMPLAINT**

Plaintiff, SETANTA SPORT LTD., sues Defendant, ANGORA, and state as follows:

**NATURE OF THIS ACTION**

1.  This Complaint seeks declaratory and injunctive relief and damages from Defendant, ANGORA, due to its unauthorized reception, interception, copying and public exhibition of private satellite or cable transmissions of the cablecast on February 2, 2003, of the pay-per-view program, featuring the soccer program of England vs. Turkey ("the Program") in violation of the Communications Act of 1934, 47 U.S.C. §§ 151, et seq., as amended by the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521, et seq. (the "Cable Communications Act").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. § 1331 in that this action arises under the laws of the United States and under § 1338(a) in that this action arises under an Act of Congress relating to the Telecommunications Act.

3.    Venue in this Court is proper under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides in or has a regular and established business in this District and the claims arose in this District.

## THE PARTIES

4.    Plaintiff, SETANTA SPORT LTD., is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 501-2nd Street, Ste. 360, San Francisco, California 94107.

5.    On information and belief, Defendant, ANGORA is a corporation organized and existing under the laws of the State of Massachusetts.

## SETANTA SPORT LTD. PROGRAMMING

6.    The Plaintiff, SETANTA SPORT LTD., owns the rights to promote, produce, exhibit, distribute and license private, commercial-free pay television entertainment services consisting of special events, sports events and other sports-related programming. SETANTA SPORT LTD. programming is exhibited, distributed and transmitted to private residential cable subscribers on a pay-per-view basis.

7.  Plaintiff, SETANTA SPORT LTD., caused the transmission of its programming services throughout the United States via satellites over cable and satellite broadcasting networks. The programming is distributed via satellite transmissions is intended for direct reception by cable or satellite operators for their retransmission to cable or satellite subscribers who are expressly authorized by the Plaintiff, or its agents, to receive SETANTA SPORT LTD. programming.

8.  In addition, SETANTA SPORT LTD., contracted with cable and satellite television and satellite system operators, closed-circuit distributors, and others, both directly and through others, to receive SETANTA SPORT LTD. satellite and cable programming and to distribute such programming in its entirety to authorized customers, including commercial and closed-circuit customers. Such distributors receive SETANTA SPORT LTD. programming by means of satellite antenna dishes or "earth stations". Distributors pay a fee to SETANTA SPORT LTD. or its authorized agents, for each commercial customer who subscribes to SETANTA SPORT LTD.

9.  SETANTA SPORT LTD. programming is different from that provided by free "over-the-air" standard broadcast television or basic cable. SETANTA SPORT LTD. programming is licensed on a pay-per-view and closed-circuit basis by SETANTA SPORT LTD., authorized distributors. The transmissions which embody SETANTA SPORT LTD. programming distributed to cable and satellite system operators and closed-circuit distributors are private communications and are not transmitted for the benefit of or use by the general public, but are intended only for use by SETANTA SPORT LTD. paying customers, i.e., no person or entity may intercept, exhibit or otherwise use SETANTA SPORT LTD. programming without the express authorization and license of SETANTA SPORT LTD., or its authorized agents.

15. Investigations conducted on or about February 2, 2003, revealed that Defendant, ANGORA did intercept, receive and/or exhibit the Program to its patrons at the Premises.

16. On information and belief, Defendant, ANGORA did not obtain an appropriate closed-circuit commercial license for the Program and therefore was not authorized to intercept, receive or exhibit the Program or any other SETANTA SPORT LTD. programming, SETANTA SPORT LTD. satellite cable programming or any SETANTA SPORT LTD. satellite transmissions on February 2, 2003, at the premises or in any other location or establishment open to the public.

17. On information and belief, Defendant, ANGORA effected such unauthorized interception, reception and exhibition of the Program by the use of an illegal or unauthorized descrambling or decoding device; by ordering the Program in a residential location and removing the authorized residential converter to the Defendant, ANGORA'S commercial location, or by such other means as are presently known to itself.

## COUNT I

## VIOLATIONS OF THE CABLE COMMUNICATIONS

## ACT BY DEFENDANT, ANGORA

18. Plaintiff incorporates by reference Paragraphs 1 through 17 above.

19. On February 2, 2003, Defendant, ANGORA intercepted and showed to its patrons SETANTA SPORT LTD.'S satellite or cable transmissions of the Program. Defendant, ANGORA was not authorized on this date to receive or exhibit SETANTA SPORT LTD. programming to the public.

20. The satellite and cable transmissions embodying SETANTA SPORT LTD.'S telecasts of the Program are radio communications protected by Sections 553 and 605 of the Cable Communications Act.

21. By receiving and showing such transmissions to its customers without authorization, Defendant, ANGORA violated Sections 553 and 605 of the Cable Communications Act.

22. Defendant, ANGORA'S violations of Sections 553 and 605 of the Cable Communications Act were willful and for purposes of direct or indirect commercial advantage or personal financial gain.

23. SETANTA SPORT LTD. is the party aggrieved by Defendant, ANGORA'S violations of Section 553 and 605 of the Cable Communications Act and are authorized to institute this action against Defendant, ANGORA, under Sections 553(c)(1) and 605(e)(3)(A) of the Cable Communications Act.

24. Defendant, ANGORA is in violation of Sections 553 and 605 of the Cable Communications Act, has injured, and will continue to injure SETANTA SPORT LTD.'S ability to maximize the revenues which they seek to derive from the Program and other similar programs, by depriving SETANTA SPORT LTD. of the benefit of subscribers to its programming and by injuring SETANTA SPORT LTD.'S commercial credibility which is based, in part, on the security of its signal to paying subscribers and exhibitors. As a further result of such violations, Defendant, ANGORA has gained and will continue to gain unjust profits and undeserved good will.

25. Unless restrained by this Court, Defendant, ANGORA will continue to violate Sections 553 and 605 of the Cable Communications Act. Defendant, ANGORA publicly showed SETANTA SPORT LTD.'S programming without authorization and SETANTA SPORT LTD.

cannot practicably detect or determine each occasion on which Defendant, ANGORA intercepts and publicly shows SETANTA SPORT LTD.'S programming. Such violations of Sections 553 and 605 of the Cable Communications Act have caused and will continue to cause SETANTA SPORT LTD. irreparable harm. SETANTA SPORT LTD. cannot practicably determine the lost subscribers and lost revenues resulting from Defendant, ANGORA'S unlawful conduct. In addition to diminishing SETANTA SPORT LTD. revenues, Defendant's unlawful conduct injures SETANTA SPORT LTD.'S commercial credibility and its ability to attract and finance the future acquisition, production and distribution of quality programming and thereby impairs SETANTA SPORT LTD.'S ability to enhance its future growth and profitability. SETANTA SPORT LTD. has no adequate remedy at law to redress such violations.

WHEREFORE, Plaintiff, SETANTA SPORT LTD., requests that this Court grant the following relief:

(1) Declare that Defendant, ANGORA'S unauthorized reception and public exhibition of the satellite transmission embodying ANGORA'S telecast of the Program violated Sections 553 and 605 of the Cable Communications Act and that such violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain.

(2) In accordance with Sections 553(c)(2)(A) and 605(e)(3)(B)(1) of the Cable Communications Act, enjoin Defendant, ANGORA, its officers, agents, servants and employees from receiving and publicly exhibiting satellite transmission of SETANTA SPORT LTD.'S telecasts of the Program and, SETANTA SPORT LTD.'S telecasts of other SETANTA SPORT LTD. programming.

(3) In accordance with Sections 553(c)(3)(A), 553(c)(3)(B), 605(e)(3)(B)(ii) and 605(e)(3)(C) of the Cable Communications Act, award to Plaintiff:

(a) the actual damages which SETANTA SPORT LTD. has suffered, together with any additional profits earned by Defendant as a result of Defendant's, unauthorized reception and public exhibitions of satellite transmission embodying ANGORA'S telecasts of the Program; or, alternatively at SETANTA SPORT LTD.'S election; and

(b) statutory damages in the amount of Sixty Thousand ($60,000.00) for Defendant, ANGORA'S violation of Section 553 of the Cable and Communications Act, and statutory damages in the amount of One Hundred Ten Thousand ($110,000.00) for Defendant, ANGORA'S violation of Section 605 of the Cable and Communications Act.

(4) In accordance with Sections 553(c)(2)(C) and 605(e)(3))(B)(iii) of the Cable Communications Act, direct that Defendant, ANGORA pay to SETANTA SPORT LTD. all of its costs and reasonable attorneys' fees.

(5) Grant such other and further relief as is just.

Dated: 6th day of November, 2003.

Respectfully submitted,

JOHN O. THREADGILL   (BPR # 001102)
THREADGILL LAW FIRM, PC
P.O. Box 10606
Knoxville, TN 37939-0606
(865) 588-4100

By: _____
John O. Threadgill

C:\MyFiles\SETANTA\SETANTA Complaint - Angora.wpd